UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MATTHEW WALSH**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF HOMELAND SECURITY**, <br><br> Defendant. | Case No. 1:25-cv-03610 (TNM) |

## MEMORANDUM OPINION

Matthew Walsh submitted a Freedom of Information Act request to U.S. Citizenship and Immigration Services ("USCIS").  His ask was unusual.  Rather than demanding specific documents, Walsh instructed the agency to follow a six-step methodology to produce a sampling of visa petitions.  After USCIS refused, Walsh sued the Department of Homeland Security (USCIS's parent agency).  The Department now moves to dismiss or for summary judgment.  Because FOIA does not require USCIS to create new records in response to Walsh's request, the Court will grant the Department summary judgment.

**I.**

In August 2025, Walsh sent a FOIA request to USCIS.  Compl., ECF No. 1, ¶ 6.  That request sought "a stratified sample of approved L-1 petitions," *id.*, which employers file for foreign employees to temporarily work or train in the United States, Panter Decl., ECF No. 16-2, ¶ 8 n.4.  Walsh laid out a detailed "Sampling Methodology" that he wanted USCIS to follow. FOIA Request, ECF No. 16-3, at 1.  He told USCIS to "first group employers based on their total number of approved FY 2024 L-1 petitions" by sorting them into four tiers ranging from "Mega"

(400 or more petitions) to "Small/Micro" (1 to 49 petitions). *Id.* From each tier, Walsh wanted a certain number of petitions. *Id.*

For the agency's selection of petitions from each employer, Walsh proposed the following "*systematic random sampling* method":

1. Sort the employer's approved FY 2024 petitions by receipt number (ascending).

2. Let $N$ be the total number of petitions and $n$ the required sample size.

3. Compute the sampling interval $k = [N / n]$.

4. Select a random integer $r$ in the range $[1, k]$.

5. Retrieve petitions in positions $r, r + k, r + 2k, \ldots$ until $n$ are selected.

6. If $N < n$, release all available records.

*Id.* at 1–2. Walsh estimated that this method would "yield approximately 400–500 records." *Id.* at 2.

After receiving no determination by USCIS on either his request or administrative appeal, Walsh sued pro se. *See* Compl. ¶¶ 9–13. His single cause of action asserts that the Department "wrongfully withheld records in violation of FOIA." *Id.* ¶ 15.

About two months after launching suit, Walsh sent USCIS a letter offering "a narrow administrative modification to the previously described sampling framework and selection procedure." Walsh Letter, ECF No. 16-5, at 1. He proposed "(1) modestly increasing sample sizes for higher-volume employer tiers to improve statistical reliability; (2) substituting pooled sampling for the Small/Micro employer tier in place of per-employer selection; and (3) adopting a simplified selection method under which USCIS provides an index of responsive records and [he] select[s] the required records at random from that index." *Id.*

2

USCIS did not take up Walsh on the proposed modification.  The Department has instead moved to dismiss or for summary judgment.  ECF No. 11.[1]  That motion is ripe.

**II.**

"The vast majority of FOIA cases can be resolved on summary judgment."  *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 527 (D.C. Cir. 2011) (cleaned up).  To win summary judgment, a movant must show that "there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A court may grant summary judgment in a FOIA case based solely on the information provided in an agency's supporting affidavits or declarations if those affidavits or declarations are 'relatively detailed and non-conclusory.'"  *Jud. Watch, Inc. v. Dep't of State*, 272 F. Supp. 3d 88, 92 (D.D.C. 2017) (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).

Although courts hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers," even pro se litigants must comply with the Federal Rules of Civil Procedure.  *See Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018) (cleaned up).

**III.**

The Court will treat the Department's motion as one for summary judgment rather than dismissal because it relies on the declaration from USCIS's Chief FOIA Officer.  *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

---

[1]  The Department later filed an errata correcting some of its record citations.  ECF No. 16.  The Court will treat the corrected motion as the operative one.  *See Jimenez v. McAleenan*, 395 F. Supp. 3d 22, 29 n.7 (D.D.C. 2019).

judgment under Rule 56."); *accord, e.g.*, *Hull v. U.S. Att'y*, 279 F. Supp. 3d 10, 13 n.3 (D.D.C. 2017).  Summary judgment is warranted here because Walsh's request exceeds FOIA's mandate.

FOIA exposes "agency action to the light of public scrutiny."  *DOJ v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (cleaned up).  But the statute's disclosure mechanism kicks into gear only when the agency receives a request that "reasonably describes [the sought] records."  5 U.S.C. § 552(a)(3)(A).  Meeting that threshold "is the requester's responsibility."  *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, 720 F. Supp. 217, 219 (D.D.C. 1989), *aff'd*, No. 89-5414, 1990 WL 123924 (D.C. Cir. Aug. 13, 1990).

A request falls short of FOIA's threshold when it demands the creation of new records. FOIA provides for "disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create."  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 162 (1975).  But "FOIA imposes no duty on the agency to create records." *Forsham v. Harris*, 445 U.S. 169, 186 (1980).  "FOIA, that is, only requires disclosure of documents that already exist, not the creation of new records not otherwise in the agency's possession."  *Nat'l Sec. Couns. v. CIA*, 969 F.3d 406, 409 (D.C. Cir. 2020).  After all, "FOIA creates only a right of access to records, not a right to personal services."  *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987).

The D.C. Circuit applied that principle to a "request for the CIA to produce listings according to four fee categories of all FOIA requesters over a two-year period."  *Nat'l Sec. Couns.*, 969 F.3d at 409.  The court credited the CIA's declaration that "fee category is not a mandatory field in [the] CIA's current electronic FOIA records system."  *Id.* (cleaned up). Fulfilling the request would thus have "require[d] manual review and sorting of numerous electronic records and the ensuing compilation of lists that d[id] not otherwise exist."  *Id.*  In the

Circuit's eyes, "[t]hat exercise self-evidently amount[ed] to records creation, which FOIA does not require." *Id.*

Walsh's request is similarly flawed.  Following his six-step "Sampling Methodology" would require USCIS to generate new records.  As the Department explains, "[a]ll Form I-129 L-1 visa petitions are submitted to USCIS on paper forms, which are then scanned into . . . STACKS (not an acronym), a digital file viewing repository for immigration records." Panter Decl. ¶ 10.  The "STACKS user interface" contains various "searchable fields," all of which are "indexed to the individual beneficiary-employee, not the petitioner[-employer]." *Id.* The agency cannot perform searches "by employer-petitioner," *id.* ¶ 11, nor does it have "a record of petitioners based on the number of approved I-129 L-visa petitions," *id.* ¶ 12.

Walsh's request—both as originally crafted and modified via letter—would require USCIS to create two new records.  *First*, the agency would need to produce a four-tier breakdown of "employers based on their total number of approved FY 2024 L-1 petitions." FOIA Request at 1; *see also* Walsh Letter at 1 (maintaining the same four-tier structure). *Second*, Walsh's method would require USCIS to generate a "unique database" of petitions sorted by employer.  Panter Decl. ¶ 12; *see also* FOIA Request at 1 (instructing USCIS to "[s]ort [each] employer's approved FY 2024 petitions by receipt number"); Walsh Letter at 1 (asking USCIS to "generate an index of approved FY 2024 L-1 petitions containing record identifiers and employer names").  Only then could "USCIS conduct a sophisticated statistical analysis of that new database to generate a customized sample" of approved petitions.  Panter Decl. ¶ 12.  At each turn, "[t]hat exercise self-evidently amounts to records creation, which FOIA does not require."  *See Nat'l Sec. Couns.*, 969 F.3d at 409; *see also, e.g.*, *Landmark Legal Found. v. DOJ*, 211 F. Supp. 3d 311, 318 (D.D.C. 2016) ("Plaintiff may want a list of DOJ employees who use

personal email for Department business, but FOIA only entitles it to such a list if the Department already has one—it does not require the Department to create one.").

Walsh does not contest this conclusion with any law.  His ten-page opposition cites no caselaw.  *See* Pl.'s Opp'n, ECF No. 13-1, at 3–13.  Instead, Walsh insists that USCIS can do what it says it cannot.  He speculates about other interfaces that could search by employer.  *See id.* at 3 ("The Panter declaration establishes, at most, that the STACKS interface does not permit searches by L-1 petitioner . . . .").  Walsh also resists the idea that his request requires creating new records.  In his telling, the request "seeks only existing L-1 petition records, identified through objective selection rules applied to data in [USCIS's] custody."  *Id.*

The Court is unpersuaded.  In the FOIA setting, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents."  *SafeCard Servs.*, 926 F.2d at 1200 (cleaned up); *accord, e.g.*, *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981) (per curiam).  Walsh's unfounded assertions cannot overcome summary judgment in light of the Department's "detailed and non-conclusory" explanation as to why his request would demand records creation.  *See SafeCard Servs.*, 926 F.2d at 1200 (cleaned up).

Betraying his position's weakness, Walsh alternatively tries to "narrow[]" his request one last time.  Pl.'s Opp'n at 11.  "[I]f L-1 petitioner-to-L-1 petition linkage cannot practically be performed or if the Court concludes that such linkage would exceed FOIA's requirements," Walsh offers to "limit[]" his request "to identifying the set of approved FY2024 L-1 petitions and selecting two percent of those petitions by applying the same fixed interval-selection rule to L-1 petition identifiers."  *Id.*

6

Walsh's eleventh-hour amendment is unavailing.  It runs headlong into the maxim that agencies are "bound to read [a FOIA request] as drafted, not as either agency officials or [the requester] might wish it was drafted."  *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984).  Although courts encourage FOIA litigants to narrow their disputes, dispositive briefing is the wrong place to do so.  *See Dillon v. DOJ*, 444 F. Supp. 3d 67, 86 (D.D.C. 2020) ("Plaintiff cannot, after filing his lawsuit here, adjust his FOIA request by re-characterizing the text that he made therein through his argument before this Court.").  Especially so here, since Walsh's request infringes FOIA's threshold requirement to "reasonably describe[]" the records he seeks.  *See* 5 U.S.C. § 552(a)(3)(A).

"As numerous courts in this District have held, the failure to comply with FOIA and agency requirements—by, for example, failing to reasonably describe the records—amounts to a failure to exhaust administrative remedies, which warrants dismissal."  *Legal Eagle, LLC v. DOJ*, No. 24-cv-3316 (CRC), 2026 WL 35261, at *5 (D.D.C. Jan. 6, 2026) (cleaned up) (collecting cases).  And "a FOIA plaintiff may not cure a failure to exhaust by narrowing its request during litigation."  *Id.* at *4.  Walsh's last-ditch modification thus cannot help him evade summary judgment.

## IV.

Because FOIA does not require USCIS to create new records for Walsh, the Court will enter summary judgment for the Department.  A separate Order will issue.

Dated: July 1, 2026

TREVOR N. McFADDEN
United States District Judge